**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KELSEY E. CAMPBELL, | ) | CASE NO. 5:24-00015 |
| | ) | |
| Petitioner-Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| HON. MICHELLE L. CORDOVA, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent-Defendant. | ) | |

This matter is before the Court following Petitioner-Plaintiff Kelsey E. Campbell's complaint, alleging substantive and procedural due process claims and violation of 42 U.S.C. section 1983, with requests for declaratory and injunctive relief seeking to nullify an Ohio family court custody order arising in the context her pending divorce proceeding (R. 1), along with Petitioner-Plaintiff's subsequent motion for declaratory and injunctive relief in that regard. R. 3. After reviewing the material submitted in support of the motion for declaratory and injunctive relief, the Court issued an order (R. 6) directing that the supporting exhibits be placed under seal in order to protect the unredacted, personal information pertaining to Petitioner-Plaintiff's minor children from appearing in the public record. The Court further stated that it "will *sua sponte* examine its subject matter jurisdiction over this matter." *Id*.

In response, Petitioner-Plaintiff, after seeking (R. 7) and receiving permission from the Court (non-document order dated January 16, 2024), filed a brief in support of subject matter

jurisdiction. R. 7, Ex. 1, Page ID# 239-252. Thereafter, Respondent-Defendant Michelle L. Cordova, a judge of the relevant Ohio family court who issued the custody order, moved to dismiss on multiple grounds including lack of subject matter jurisdiction. (R. 9). Petitioner-Plaintiff has filed a memorandum in opposition (R.10) and Respondent-Defendant a Reply (R.12).

For the reasons stated below, the case is dismissed for lack of subject matter jurisdiction under the domestic relations exception.

## I. Standard of Review

It is well-established that federal courts are courts of limited jurisdiction and have an obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas* 493 U.S. 215, 231 (1990). It is equally axiomatic that a court may not entertain an action over which it has no jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Further, a complaint is subject to dismissal on jurisdictional grounds if the allegations, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject matter jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

Federal courts, in general, lack subject matter jurisdiction over "domestic relations matters." *Id*. This is because, as has been long recognized in diversity cases, "state courts have exclusive jurisdiction over these matters." *Id.* As it has been more recently developed, this "domestic-relations exception" to a federal court's jurisdiction has been found applicable in a narrower range of cases that specifically include those in which a plaintiff asks a federal court to "modify or interpret an existing divorce, alimony, or child-custody decree." *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Aukenbrandt v. Richards*, 504 U.S. 689, 791 (1992) and *Chevalier v. Estate of Burkhart*, 803 F.3d 789, 797 (6th Cir. 2015)). The Sixth Circuit has

made clear that this exception exists to prevent the federal courts from "entangling ourselves in difficult questions of state family law, which is what the domestic relations exception was designed to prevent." *Alexande*r, 804 F.3d at 1206. In that regard, courts look to the "remedy which the plaintiff seeks to determine if the exception applies." *Chevalier*, 803 F.3d at 797.

## II. Analysis

Here, Petitioner-Plaintiff's complaint clearly sets forth the remedy sought and the reasons for it—thereby requiring the Court to examine the domestic relations exception. Through this action, Petitioner-Plaintiff's complaint seeks an order to "[d]eclare the Respondent-Defendant's ex parte order of July 28, 2023 [which modified the existing custody order] to be null and void and of no further force and effect." R. 1, PageID# 26. Further, the complaint asks this Court to "[p]reliminarily and permanently enjoin Respondent-Defendant [the Ohio family court judge presiding in Petitioner-Plaintiff's divorce action] from continuing to separate mother and her two sons," as well as "[ordering] Respondent-Defendant to immediately re-unite mother and her two children." *Id.*, PageID# 26-27. The basis for such actions, as Petitioner-Plaintiff contends, is that the Ohio family court allegedly modified the prior custody order as "punishment for an alleged ticky-tack violation [by Petitioner-Plaintiff] of a standing court order [not to discuss her divorce case/custody order with her children]." R.7, PageID# 240; R.1, Page # 26.

This Court must look at the remedy sought by Petitioner-Plaintiff in order to determine if the domestic relations exception to federal court jurisdiction applies. *Chevalier*, 803 F.3d at 797; *see also*, *Greenberg v. Slatery*, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023) (quoting and citing *Chevalier*, 803 F.3d at 797). The domestic relations exception applies when the plaintiff asks the federal court to "modify or interpret an existing…child-custody decree [issued by a state court]." *Alexander*, 804 F.3d at 1205. Petitioner-Plaintiff's clear statements quoted above

3

unambiguously demonstrate that this case falls within the domestic relations exception to federal court jurisdiction because Petitioner-Plaintiff is seeking to have this Court nullify a child custody order of a state family court.

Moreover, several recent cases from within this Circuit – none of which were mentioned by Petitioner-Plaintiff in her memorandum addressing this issue – fully support the Court's conclusion.

The plaintiff in *Gaines v. Hagerty*, 2023 WL 2776065 (W.D. Ky. April 4, 2023) was involved in an underlying divorce action that included a dispute over custody rights. *Id*., at *1. Gaines claimed, similar to this case, that the state court judge violated his constitutional right to due process by dismissing without a hearing a contempt motion against his wife for allegedly violating the terms of the parenting schedule. *Id*. Again similar to this case, Gaines requested that the federal court void all custody orders and judgments of the state court judge and grant him custody of the children. *Id*., at *2. The federal district court found that the domestic relations exception applied, thus divesting the court of jurisdiction. *Id*., at **2-3. In particular, the *Gaines* court stated:

> Though this suit was brought in the guise of a federal question, the complaint asks this Court to void the state court's child custody and support order, grant Gaines full custody of his daughter, and modify [his wife's] custody of the child. This Court does not have the power to issue a child custody decree, and federal courts do not have jurisdiction to resolve domestic relations matters. The Court concludes that the domestic relations exception applies to this case, and the case must therefore be dismissed.

*Id*., at *3. The same is true here.

In addition, as it also has relevance here, the *Gaines* court determined that *Younger* abstention applied since Gaines was challenging the civil contempt proceedings in state domestic relations court. *Id*., at *3. To that end, the *Gaines* court cited *Alexander* for the proposition that

4

*Younger* abstention applies when a plaintiff asks the federal court "to regulate the day-to-day conduct of state hearings, assess the constitutionality of proceedings in those hearings, or opine on the merits of the child support determination." *Id.* (quoting and citing *Alexander*, 804 F.3d at 1207 (internal citation omitted)). The *Gaines* court further reasoned that *Younger* abstention was proper because the state court remained a proper forum to both raise federal constitutional issues and to contest child custody orders since Gaines' action remained pending and child custody orders are subject to modification at any time. *Id*.

In *Greenberg v. Slatery*, 2023 WL 2771640 (6th Cir. Mar. 28, 2023), the Sixth Circuit affirmed a judgment by the district court in the Middle District of Tennessee (*Greenberg v. Slatery*, 2022 WL 3129032 (M.D. Tenn. Aug. 4, 2022) that relied upon the domestic relations exception in dismissing a complaint that asserted various state officials maliciously used the judicial process against the plaintiff in a divorce and child-custody case. *Greenberg,* 2023 WL 2771640, at *1. The plaintiff, as here, sought, *inter alia*, the nullification of the state court judgments and the reinstatement of his parental rights. *Id*.

The Sixth Circuit noted that the district court "dismissed the complaint for lack of subject matter jurisdiction, citing the 'domestic relations exception' to federal jurisdiction because Greenberg's complaint asked the court to decide who should have care and custody of his children." *Id*. In affirming the underlying decision, the Sixth Circuit stated:

> The core of all six of Greenberg's claims, although cloaked in the language of constitutional torts, attacks the validity of the state court's judgment in the divorce and child-custody proceedings and seeks its nullification as the primary form of relief. The remedy that Greenberg requests is the reinstatement of his parental rights and the termination of his child support payments. This remedy would entangle the federal courts in matters of Tennessee and California family law, and the district court did not err by applying the [domestic relations] exception in this case.

5

*Id.*, at *2.

The Sixth Circuit further observed that because the *Rooker-Feldman* doctrine prevents lower federal courts from "exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced," that doctrine would "therefore bar Greenberg's attempts to have the state court judgments overturned – which is the predominant object of the amended complaint – including his assertions that he was denied due process in those proceedings." *Id.*, at *2 (internal citations and quotations omitted). In addition, the Sixth Circuit's *Greenberg* decision noted that to the extent the complaint attacked the official acts of individual judicial officers, the claim was likely barred by judicial immunity. *Id.*, citing *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Finally, in *Henson v. Burke*, 2023 WL 3572839 (E.D. Ky. May 12, 2023), the district court *sua sponte* addressed subject matter jurisdiction in a case against numerous individuals arising out of a child custody action in state court that included the dismissal of abuse allegations against the father of the plaintiff's child. *Id.*, at *1. The plaintiff's complaint alleged, similar to the present matter, "procedural and substantive due process violations as to her constitutional right to intimate association and her right to fundamentally fair procedures regarding the care, custody and control of her minor child." *Id*. The plaintiff asserted, again as does the Petitioner-Plaintiff here, that as a result of these alleged violations, her child continues to be required to "endure routine, unsupervised overnight visitations…pursuant to a legally erroneous order in the custody proceedings." *Id*.

The *Henson* court's *sua sponte* examination of its subject matter jurisdiction considered the domestic relations exception, and concluded it lacked subject matter jurisdiction. *Id.*, at *2. In particular, the court reasoned that while the plaintiff based her jurisdictional claim on the

6

assertion that her federal constitutional substantive and procedural due process rights were violated, such an argument was "mere pretense." *Id*. The court concluded:

> Peeling back the layers of this claim, the claim actually involves a dispute over a domestic relations matter, namely, a child custody dispute. … Although Plaintiff raises these allegations [regarding court procedures] under the veil of a due process claim, she is essentially attacking the underlying custody order, and the substance of her claim is domestic relations. Therefore, the Court lacks subject matter jurisdiction over such a challenge and must dismiss it. *Id*.

Like the aforementioned cases, the Petitioner-Plaintiff's filings are styled as substantive and procedural due process claims and violation of 42 U.S.C. section 1983, but the crux of the claims involve a domestic relations matter, the presiding judge's custody ruling(s), and Campbell's request that this Court declare such proceedings and orders null and void as well issue orders dictating domestic relations and custody decisions pending before the state court. *See generally* R. 1, 3. Federal courts do not have jurisdiction to resolve domestic relations matters, and this Court does not have the power to issue a child custody decree. It is apparent that the domestic relations exception applies to this case, and the case must be dismissed.

In addition to the reasoning related to the domestic relations exception, the parties have raised other matters, such as the *Rooker-Feldman* doctrine, *Younger* abstention, judicial immunity, and the effect of an Ohio Supreme Court decision arising from that court's decision to dismiss Petitioner-Plaintiff's petition for a writ of mandamus and prohibition. The Court, however, finds it unnecessary to consider these matters beyond what is set forth above, because it is clear—from the Petitioner-Plaintiff's claims in this case and the pertinent case law—that the case must be dismissed for lack of subject matter jurisdiction pursuant to the domestic relations exception.

### III. Conclusion

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this case, grants the motion to dismiss (R. 9) on that issue, and dismisses this action with prejudice. Consequently, all other pending motions are denied as moot.

IT IS SO ORDERED.


Date: February 22, 2024			s/ *David A. Ruiz*
					David A. Ruiz
					United States District Judge